COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Coleman,
     Willis, Elder, Bray, Annunziata, Overton, Bumgardner
     and Lemons
Argued at Richmond, Virginia


ERVIN WOODSON CAVELL
                                        OPINION BY
v.        Record No. 2168-96-2    JUDGE ROSEMARIE ANNUNZIATA
                                     NOVEMBER 10, 1998
COMMONWEALTH OF VIRGINIA


                UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Thomas N. Nance, Judge

        Cullen D. Seltzer (David J. Johnson, Public
        Defender, on brief), for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.



     Appellant, Ervin W. Cavell, was convicted of escape in

violation of Code § 18.2-479.  On appeal, he contends the

evidence was insufficient to support his conviction.  We agree

and reverse his conviction.

     The facts are undisputed.  Clad in his police uniform and

carrying a bottle of "OC" spray, Officer Lewis approached a crowd

involved in a fight.  Lewis ordered the crowd to disperse, and,

as the crowd broke, Lewis identified appellant among the group.

Lewis knew of a felony warrant on file for appellant's arrest,

and he approached appellant intending to arrest him on the

warrant.  From a distance of approximately ten feet, Lewis

stated, "Ervin, I need to talk to you."  Appellant responded with

profanity and told Lewis to "[g]et away from [him] with [the "OC" spray]." Lewis replied, "[the "OC" spray] is not for you. You are under arrest. You have a felony warrant." Appellant again responded with profanity. Lewis told appellant, "Don't run. You are under arrest." Appellant repeated his profane remark and told Lewis, "I am going to anyway." At that point, Lewis stood four to five feet from appellant. Lewis testified that he "was attempting to grab [appellant]," but that he "wasn't close enough to do it yet." Before Lewis reached for him, appellant fled. He ran a couple of blocks before he was subdued.

Code § 18.2-479 makes it unlawful for "any person . . . lawfully in the custody of . . . any law-enforcement officer on a charge or conviction of a felony" to escape. The question on appeal is whether appellant was "lawfully in the custody" of Lewis when he fled.

In the case before us, appellant concedes he knew he was not free to leave but contends the police officer did not have the immediate physical ability to place him under formal arrest, as required by our holding in Castell v. Commonwealth, 21 Va. App. 78, 82, 461 S.E.2d 438, 439 (1995) (en banc). In Castell, we held that for purposes of Code § 18.2-479, custody "does not require direct physical restraint." 21 Va. App. at 82, 461 S.E.2d at 439-40.[1] In reaching this conclusion, we relied upon

_____

[1]In Castell, two uniformed officers went to the defendant's house to arrest him on a felony warrant. The defendant's mother answered the door. She went to get the defendant, who appeared and stood about three feet from the officers. One officer asked

- 2 -

federal cases construing the federal statutory scheme governing the law of arrest and escape. However, we did not specifically analyze "custody" within the context of Virginia's law of arrest. We do so now.

"With a few statutory exceptions, . . . the common law relating to arrest is the law on that subject in Virginia." Galliher v. Commonwealth, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933). Under the common law, an arrest required either the application of physical force or, where that was absent, submission to the assertion of authority. California v. Hodari D., 499 U.S. 621, 626 (1991); Howard v. Commonwealth, 210 Va. 674, 677, 173 S.E.2d 829, 832 (1970) ("Ordinarily, an arrest is made by the actual restraint of the person of the defendant or by his submission to the custody of an officer."). The immediate physical ability to arrest, without more, was not sufficient to effectuate an arrest. See Rollin M. Perkins, The Law of Arrest, 25 Iowa L. Rev. 201, 206 (1940).

> There can be no arrest [under the common law] without either touching or submission. Hence, if the officer pronounces words of arrest without an actual touching and the other immediately runs away, there is no escape (in the technical sense) because there was no arrest. It would be otherwise had the officer touched the arrestee for the purpose

(..continued)
identifying questions of appellant and informed him that he had a warrant for his arrest. The defendant asked why the warrant had been issued. The officer approached the defendant, reaching for his handcuffs with one hand and reaching to grab the defendant with the other. When the officer was within one inch of the defendant, the defendant turned and ran. Castell, 21 Va. App. at 80, 461 S.E.2d at 439.

> of apprehending him, because touching for the manifested purpose of arrest by one having lawful authority completes the apprehension, "although he does not succeed in stopping or holding him even for an instant."

Id. (footnotes omitted).

In the present case, Lewis did not effectuate appellant's arrest; he neither touched appellant nor obtained appellant's submission to his show of authority. Each time Lewis spoke to appellant, appellant responded with profanity; when Lewis told appellant not to run, appellant responded that he was going to run, and he did. In short, the evidence shows that appellant did not submit, in any respect, to Lewis's show of authority, and appellant was not detained by the exercise of any physical restraint at the time he fled. Thus, we hold that appellant was not under arrest and, thus, was not in custody when he fled. In reaching this decision, we overrule the holding in Castell v. Commonwealth, 21 Va. App. 78, 461 S.E.2d 439 (1995) (en banc).

Finding that appellant was not in Lewis's custody at the time he ran, we reverse his conviction.

Reversed.