COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


HENRY MAGRUDER WILLIAMS
                                             OPINION BY
v.    Record No. 1342-01-2            JUDGE RICHARD S. BRAY
                                            JULY 2, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Craig S. Cooley, for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Henry Magruder Williams (defendant) was convicted in a bench

trial on an amended indictment alleging that, "[o]n or about

May 19, 2000," he "did unlawfully and feloniously operate a motor

vehicle while under the influence of alcoholic beverages . . .

after having been convicted of two like offenses within ten

years," a violation of Code §§ 18.2-266 and -270.  On appeal,

defendant challenges the sufficiency of the evidence to establish

the existence of two prior convictions at the time of the instant

offense, proof he views as indispensable to the felony conviction.

Defendant further complains the trial court erroneously admitted a

"Certificate of Blood Alcohol Analysis" (certificate) into

evidence.  Finding no error, we affirm the conviction.

I.

The relevant facts are uncontroverted.  On October 18,
1994, defendant was convicted for "Driving While Intoxicated"
(DUI) in violation of Code § 18.2-266.  Thereafter, on March 23,
2000, he was again charged with DUI, second offense, and trial
was scheduled in the Richmond General District Court for May 31,
2000.  Awaiting trial on the latter offense, defendant was
stopped by Richmond police while operating a vehicle on May 19,
2000, at 2:04 a.m. and arrested for DUI at 2:24 a.m.  A related
analysis of defendant's breath, conducted at 3:40 a.m. and
reported on the disputed certificate, disclosed an alcohol
concentration of 0.13 grams per 210 liters, and a warrant issued
charging him with DUI, second offense, a misdemeanor.

On May 31, 2000, defendant was convicted of the DUI
committed on March 23, 2000.  Learning of the conviction, the
Commonwealth successfully moved the Richmond General District
Court to nolle prosequi the prosecution then pending for the
May 19, 2000 DUI.  However, on September 5, 2000, a grand jury
of the trial court indicted defendant for feloniously committing
the May offense, alleging he had been "convicted of like
offenses on October 18, 1994."  Prior to trial and over
defendant's objection, the Commonwealth was permitted to amend
the indictment to charge DUI "[o]n or about May 19, 2000 . . .
after having been convicted of two like offenses within ten

-

<u>years</u>," in violation of Code §§ 18.2-266 and -270.  (Emphasis added).[1]

Also prior to trial, defendant moved to suppress the certificate, arguing Virginia's "implied consent" law, Code § 18.2-268.2, pertains only when an accused is "arrested within two hours of the offense."  Because "[t]he <u>nolle</u> <u>prosequi</u> of the original arrest and charge terminated the previous arrest," defendant contended the subsequent "arrest[]" on the indictment, "months after the event," was without implied consent to a breath test.  The trial court, however, disagreed and overruled the motion.

At trial, the Commonwealth introduced into evidence the disputed certificate and a DMV transcript that reflected the October 18, 1994 and the May 31, 2000 DUI convictions.  Defendant moved to strike the Commonwealth's evidence, arguing that, at the time of the instant offense, May 19, 2000, he had suffered only a single prior DUI conviction, on October 18, 1994, and, therefore, was subject to conviction "of no greater than a misdemeanor driving under the influence . . . ," as a second offense.  The court overruled the motion and convicted defendant of "DUI, after having been convicted of two like offenses within ten years," the felony charged in the amended indictment, resulting in the instant appeal.

---

[1] On appeal, defendant does not challenge the form or substance of the amended indictment.

-

II.

Code § 18.2-266 prohibits "any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol."  At the time of the subject offense, Code § 18.2-270 enhanced the penalty for repeat DUI offenders, providing, in pertinent part:

> Any person convicted of a third or subsequent offense committed within ten years of an offense under § 18.2-266 shall be guilty of a Class 6 felony.[2]

Defendant maintains such enhancement was "designed to impose a higher punishment on those that continue to break the law even after they have been previously convicted."  He, therefore, posits that enhancing punishment for persons, like himself, "charged with a 3rd offense . . . before they have been punished for the 2nd offense" denies "adequate time or incentive to reform before the third conviction."  Defendant's argument, however, is at odds with a recent decision of the Supreme Court of Virginia, Thomas v. Commonwealth, 256 Va. 38, 501 S.E.2d 391 (1998).

In Thomas, the Court was called upon to construe Code § 46.2-357(B)(3), a statute that prescribes an enhanced penalty for a "second or subsequent . . . offense" of "driving while

---

[2] Amendments to Code § 18.2-270, effective July 1, 2000, substituted, inter alia, "three or more offenses of § 18.2-266" for "a third or subsequent offense."

-

. . . an habitual offender."[3]  Like defendant, Thomas contended

enhancement for the second or subsequent offense was appropriate

only for offenses committed after actual conviction for an

earlier like offense.

The Court disagreed and affirmed imposition of the enhanced

penalty, concluding that the statutory reference to "offense,"

rather than "conviction," evinced the intent of the General

Assembly to authorize "punishment enhancement" for an offense

committed before a conviction on the requisite predicate

offenses.  Id. at 41-42, 501 S.E.2d at 392.  Consistent with

---

[3] Code § 46.2-357(B) provides:

> Any person found to be an habitual offender
> under this article, who is thereafter
> convicted of driving a motor vehicle . . .
> shall be punished as follows:
>
> *       *       *       *       *       *       *
>
> 2.  If such driving, of itself, does
> endanger the life, limb, or property of
> another, such person shall be guilty of a
> felony . . . and no portion of such sentence
> shall be suspended except that . . . (ii) in
> cases wherein such operation is necessitated
> in situations of apparent extreme emergency
> which require such operation to save life or
> limb, said sentence, or any part thereof may
> be suspended.
>
> 3.  If the offense of driving while a
> determination as an habitual offender is in
> effect is a second or subsequent such
> offense, such person shall be punished as
> provided in subdivision 2 of this
> subsection . . . .

(Emphasis added).

-

such rationale, the Court noted that "the purpose of Code § 46.2-357 is to deter criminal conduct by punishing those who repeatedly drive after having been declared an habitual offender, rather than to reform habitual offenders."  Id. at 42, 501 S.E.2d at 393.

Here, Code § 18.2-270, similar to Code § 46.2-357, enhances the offense and attendant punishment from a misdemeanor to a felony upon conviction of "a third or subsequent offense committed within ten years of an offense under § 18.2-266." Code § 18.2-270 (emphasis added).  The statute does not suggest that convictions for the requisite prior offenses must precede commission of the "third or subsequent offense."[4]  Therefore, any third or subsequent DUI conviction within the period prescribed by Code § 18.2-270 triggers the enhanced punishment.  Otherwise,

> an offender could commit multiple unlawful acts of driving [under the influence of alcohol] without fear of being punished for a felony merely because the offender could not be tried and convicted quickly enough between offenses.  An interpretation of the statute that allows a defendant to violate it with impunity would be contrary to the clear legislative intent.

Thomas, 256 Va. at 42, 501 S.E.2d at 393 (citations omitted).

---

[4] Recidivist statutes may specifically require prior conviction as a condition to imposition of an enhanced punishment.  See e.g., Code §§ 18.2-57.2, -67.5:1, -67.5:2, -67.5:3, and -104.

-

III.

Code § 18.2-268.2, Virginia's "implied consent" law,

provides, in pertinent part:

> A.  Any person . . . who operates a motor vehicle upon a highway . . . in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is <u>arrested</u> for violation of § 18.2-266 or § 18.2-266.1 or of a similar ordinance <u>within two hours of the alleged offense</u>.

(Emphasis added).  "The purpose of the implied consent law

requiring the test to be taken is to determine the concentration

of alcohol in a driver's blood or breath sample, and thereby

determine the driver's state of intoxication or sobriety."

<u>Quinn v. Commonwealth</u>, 9 Va. App. 321, 324, 388 S.E.2d 268, 270

(1990).  Hence, Code § 18.2-268.2 is integral to a statutory

scheme of "procedural requirements for the taking, handling,

identifying and disposing of blood samples," all of which

facilitate the "admissibility of the results of . . . blood [or

breath] tests at the trial for a Code § 18.2-266 offense."

<u>Thurston v. City of Lynchburg</u>, 15 Va. App. 475, 478-79, 424

S.E.2d 701, 703 (1992).

Generally, failure to comply with Code § 18.2-268.2 or

companion statutes precludes introduction of the relevant test

results in proof of DUI.  See <u>Smith v. Commonwealth</u>, 32 Va. App.

-

228, 233-34, 527 S.E.2d 456, 459 (2000) (implied consent does not attend an unlawful arrest); Thurston, 15 Va. App. at 481, 424 S.E.2d at 704 (admissibility of "results of tests" is conditional upon adherence to "statutory mandates").  Thus, because Code § 18.2-268.2 is predicated upon an arrest "within two hours of the alleged offense," defendant reasons that arrest on the indictment, several months after the offense and following "nolle prosequi of the original arrest," did not comport with the two-hour limitation of Code § 18.2-268.2, thereby precluding admission of the certificate in issue.  In support of his argument, he mistakenly relies upon Armel v. Commonwealth, 28 Va. App. 407, 505 S.E.2d 378 (1998).

In Armel, the accused was initially arrested on warrants that alleged he uttered a check with the intent to defraud and feloniously possessed a firearm.  Upon motion of the Commonwealth, the charges were nolle prossed in the general district court, but Armel was subsequently indicted for the same offenses, a procedure he claimed impermissibly "denied him a preliminary hearing on the original warrants in violation of Code § 19.2-218."  Id. at 408, 505 S.E.2d at 379.  We disagreed, concluding that, "upon nolle prosequi of the offenses charged in the original warrants, defendant was no longer 'arrested on a charge of felony' . . . and was thereafter properly indicted without the benefit of a preliminary hearing."  Id. at 411, 505 S.E.2d at 380.

-

In contrast to Armel, the instant appeal presents an evidentiary issue, clearly distinguishable and controlled by statute. Code § 18.2-268.2 implied defendant's consent to a blood or breath test, provided he was "arrested within two hours of the [DUI] offense." Defendant does not challenge the validity of the original DUI arrest on May 19, 2000, at 2:24 a.m., for an offense committed at 2:04 a.m. He, therefore, does not dispute the attendant compliance with Code § 18.2-268.2 and related statutes in testing the alcohol content of his breath. Accordingly, defendant's consent to the test was properly implied by statute, thereby rendering the resulting certificate of analysis admissible evidence in the instant prosecution, notwithstanding subsequent termination of the original warrant by nolle prosequi.

We, therefore, affirm the conviction.

Affirmed.

-