COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


MARY PARRISH HARRIS

MEMORANDUM OPINION[*] BY

v.    Record No. 0795-02-3       JUDGE RUDOLPH BUMGARDNER, III
                                 JANUARY 28, 2003

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    Joseph W. Milam, Jr., Judge

            Lawrence D. Gott (Office of the Public
            Defender, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General;
            Leah A. Darron, Assistant Attorney General,
            on brief), for appellee.


    Mary Parrish Harris appeals her conviction of felonious

escape, Code § 18.2-479,[1] contending the evidence was

insufficient. Concluding the evidence supports the conviction,

we affirm.

    Officers Gilbert and Conner stopped the defendant while she

was driving her truck to arrest her on a felony capias. Officer

Gilbert obtained her driver's license and registration and

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] "If any person . . . lawfully in the custody . . . of any
law-enforcement officer on a charge . . . of a felony escapes,
otherwise than by force or violence . . . he shall be guilty of
a Class 6 felony."  Code § 18.2-479(B).

confirmed that she had no license and that a felony capias existed. She advised the defendant, "[s]he couldn't drive the truck away, and that we did have a Circuit Court capias for her arrest and she would have to come with us." The defendant became hysterical and said: "I can't go to jail. Let me see my husband. I've got to get out of here."

When the defendant started screaming, Officer Conner joined Officer Gilbert at the driver's side of the truck. The defendant locked the doors and "started to crank the truck up," but the windows were still down. Officer Conner leaned in the window and hooked her left hand under the top of the steering wheel to get leverage. She pushed the defendant back against the seat with her right hand trying to restrain the defendant and prevent her from putting the truck into gear. The defendant struck the officer's arms with both hands, got the vehicle in drive, and "hit the gas real hard." The truck stalled after dragging the officer a few feet, the officer freed herself, and the defendant drove off again. The two officers pursued the defendant in their cruiser and apprehended her when she abandoned the truck and fled on foot.

The trial judge concluded that "[t]here is no doubt in my mind that [the defendant] was under arrest . . ." and convicted her of felonious escape. The defendant contends she was never placed under arrest, was not in custody, and did not submit to the officers' authority.

-

"An arrest requires either physical force . . . or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626-27 (1991). A defendant is guilty of escape if he flees after being touched by an officer "with appropriate words of arrest and lawful authority" to do so. Rollin M. Perkins, Perkins on Criminal Law 500 (2d ed. 1969) (footnote omitted).

In this case, the officer clearly stated that the defendant could not drive her truck, that they had a felony capias for her arrest, and that the defendant must come with the officers. The defendant's emotional reaction and her statement, "I can't go to jail," prove she understood that the officers intended to arrest her. Officer Conner applied physical force to complete the arrest and to prevent her from fleeing.

In Cavell v. Commonwealth, 28 Va. App. 484, 506 S.E.2d 552 (1998) (en banc), the officer approached Cavell, told him he was under arrest, but Cavell fled before the officer touched him. We reversed the conviction for escape because Cavell never submitted to authority and the officer never physically restrained him. "'It would be otherwise had the officer touched the arrestee for the purpose of apprehending him . . . .'" Id. at 487, 506 S.E.2d at 554 (quoting Rollin M. Perkins, The Law of Arrest, 25 Iowa L. Rev. 201, 206 (1940)). In Cavell, the distinguishing fact was the lack of touching. In this case, the officer applied physical force for the purpose of completing the

-

apprehension.  "If an officer having authority to make an arrest actually touches his arrestee, for the manifested purpose of apprehending him, the arrest is complete, 'although he does not succeed in stopping or holding him even for an instant.'" Perkins on Criminal Law at 500 (footnotes omitted).

Accordingly, we affirm.

Affirmed.