PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Carrico,[1] S.J.

HENRY MAGRUDER WILLIAMS

v.  Record No. 021591    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        February 28, 2003
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in holding that Code § 18.2-270 permits enhanced punishment for driving under the influence (DUI), third offense, when a defendant was not convicted of his second DUI offense at the time he committed the third offense.

Henry M. Williams was indicted for the felony of operating a motor vehicle while under the influence of alcohol, "after having been convicted of two like offenses within ten years," in violation of Code §§ 18.2-266 and -270.[2]  He was convicted of the offense following a bench trial in the Circuit Court of the City of Richmond.

Williams appealed from his conviction to the Court of Appeals, which affirmed the trial court's judgment. Williams v. Commonwealth, 38 Va. App. 414, 415, 421, 565 S.E.2d 328, 329,

---

[1] Chief Justice Carrico presided and participated in the hearing and decision of this case prior to the effective date of his retirement on January 31, 2003.

[2] Although Code § 18.2-270 has been amended since the date of Williams' May 19, 2000 offense, the present version of the

331 (2002).  The Court of Appeals concluded, among other things, that Code § 18.2-270 does not require that a conviction for a second DUI offense precede the commission of the third DUI offense.  Id. at 419, 565 S.E.2d at 330.  The Court stated that any "third or subsequent" conviction within the prescribed statutory period "triggers the enhanced punishment" provision of Code § 18.2-270.  Id.  Williams appeals.

The evidence before the trial court showed that in October 1994, Williams was convicted in the Circuit Court of the City of Richmond for driving while intoxicated, in violation of Code § 18.2-266.  In March 2000, Williams was charged with driving while intoxicated, second offense, and a trial was scheduled for May 31, 2000.  However, on May 19, 2000, the date of the present offense, while awaiting trial for the March 2000 offense, Williams was arrested and again charged with driving under the influence of alcohol, second offense.

When Williams was convicted of the March 2000 offense, the Commonwealth obtained a nolle prosequi of the charge arising from the May 19, 2000 offense.  Williams later was indicted in the present case for the offense occurring on May 19, 2000.

At the conclusion of the Commonwealth's evidence, Williams made a motion to strike on various grounds, including the

---

statute does not contain substantive changes affecting the issue presented in this appeal.

2

argument that the Commonwealth failed to prove that he had been convicted of two prior DUI offenses at the time he committed the May 19, 2000 offense. The circuit court denied the motion and convicted Williams of the offense charged in the amended indictment.

On appeal to this Court, Williams again asserts that the evidence is insufficient to support his conviction because he only had one prior DUI conviction when the May 19, 2000 offense occurred. He argues that under the language of Code § 18.2-270, elevation of an offense to a felony and the resulting enhancement of punishment can occur only if a defendant has been convicted of two previous offenses under Code § 18.2-266 at the time the third offense is committed.

In response, the Commonwealth argues that the language of former Code § 18.2-270 does not require that a person be convicted of two prior DUI offenses before being charged with a "third or subsequent offense." The Commonwealth contends that the plain language of the statute demonstrates the General Assembly's intent to authorize enhancement of punishment even when a prior DUI offense has not resulted in a conviction before the date of a new offense.

In determining the issue before us, we observe that Williams does not dispute that the evidence was sufficient to support the trial court's determination that he violated Code

3

§ 18.2-266.  He only challenges the trial court's application of the enhanced punishment provisions of Code § 18.2-270, which resulted in the elevation of the charged DUI offense from a misdemeanor to a Class 6 felony.

At the time of the present offense, Code § 18.2-270 provided certain enhanced penalties, including the following relevant language:

> Any person convicted of a third or subsequent offense committed within ten years of an offense under § 18.2-266 shall be guilty of a Class 6 felony.

Under basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute.  Vaughn, Inc. v. Beck, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001); Thomas v. Commonwealth, 256 Va. 38, 41, 501 S.E.2d 391, 393 (1998).  When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.  Mozley v. Prestwould Bd. of Dirs., 264 Va. 549, 554, 570 S.E.2d 817, 820 (2002); Caprio v. Commonwealth, 254 Va. 507, 511-12, 493 S.E.2d 371, 374 (1997).

The statutory language before us is unambiguous and demonstrates the General Assembly's intent to authorize punishment for a Class 6 felony when a defendant has committed three or more DUI offenses under Code § 18.2-266 within a ten-

4

year period.  This punishment is activated, in the language of the statute, by a defendant's conviction of a third or subsequent "offense committed within ten years."  The General Assembly's use of the words "offense" and "committed" signals its clear intent to authorize enhanced punishment for a third DUI offense occurring within the prescribed time period even though the second DUI offense has not resulted in a conviction before the third offense is committed.

The contrary interpretation advanced by Williams would permit an offender to violate the statute repeatedly without being subjected to a felony charge simply because he could not be tried and convicted in the brief time periods separating the several offenses.  Such an interpretation would violate the plain purpose of the statute, which is to deter this type of criminal conduct by increasing punishment for those who repeatedly drive under the influence of alcohol.

Our conclusion also is supported by our holding in Thomas v. Commonwealth, 256 Va. 38, 501 S.E.2d 391, in which we examined a similar enhanced punishment provision.  We were asked to construe Code § 46.2-357(B)(3), which provides enhanced punishment for the offense of driving after being declared an habitual offender when the crime is "a second or subsequent such offense."  We held that the General Assembly's choice of the word "offense" demonstrated its intent to authorize enhanced

punishment for a second offense even though it had occurred before the defendant had been convicted of the first offense. 256 Va. at 41-42, 501 S.E.2d at 393. Thus, in accordance with this reasoning and with the plain meaning of Code § 18.2-270, we hold that the Court of Appeals did not err in concluding that Code § 18.2-270 permitted enhanced punishment for a third DUI offense based on Williams' conduct of May 19, 2000.

For these reasons, we will affirm the Court of Appeals' judgment.

<u>Affirmed.</u>