## CIRCUIT COURT OF THE CITY OF NORFOLK

Jose M. Serrano

v.

City of Norfolk

March 29, 2004

Case No. (Chancery) Ch02-533

By JUDGE MARC JACOBSON

Jose M. Serrano, Complainant, is a former police officer for the City of Norfolk. On May 16, 2000, the City issued to Complainant a Certificate of Indefinite Suspension, the equivalent of terminating employment, for "allegedly making false statements in a letter of explanation dated November 28, 1999, submitted to his Commanding Officer, regarding his recollection of supervisory instructions regarding certain policies and procedures for calling in sick." (Am. Bill of Compl. ¶ 1.) The Certificate also "cited an ongoing 'unsatisfactory performance' or 'continuing violations' of rules and regulations as grounds for indefinite suspension as well." (*Id.* ¶ 2.)

Complainant "timely requested and perfected an appeal of this decision to terminate his employment" in accordance with the Norfolk Employee Grievance Procedure (Procedure), which Procedure the parties have stipulated as a part of the record in these proceedings. (*Id.* ¶ 3.) In the event of dismissal, the person dismissed may: (1) appeal the decision to middle management; (2) appeal to the department head; and (3) request a panel hearing. (Procedure at 6–7.) When Complainant reached the third phase, a panel hearing was scheduled for December 1, 2000. (Am. Bill of Compl. ¶ 3.)

Pursuant to the Procedure, the parties exchanged "documents and exhibits upon which they intended to rely in support of their respective positions

before the Grievance Panel." (Complainant's Brief in Opp. to Demurrer & Special Plea at 2.) According to Complainant, the City sent a letter dated November 15, 2000, establishing "the following exhibits as upon which it intended to rely as part of its case in support of the justification for the indefinite suspension. . . ." "Notice of Polygraph" dated February 14, 2000 (Bill of Compl. ¶ 5[a]); "Report of Polygraph Examination" dated February 17, 2000 (Bill of Compl. ¶ 5[b]); and "Virginia Employment Commission Decision of Appeals Examiner" dated July 13, 2000 (Bill of Compl. ¶ 7.)

Complainant contends that the identification of the "polygraph" documents violates Virginia Code § 40.1-51.4:4 and that the identification of the Virginia Employment Commission Appeals Examiner decision violates Virginia Code § 60.2-114. Complainant further contends that any use of or reference to the polygraph documents during the "internal, administrative, and/or disciplinary decision-making proceedings within the Police Department" also violates the above-mentioned statutes. (*See* Am. B. Compl. ¶¶ 12, 13, 21B.) The City has refiled a Demurrer, asserting that (1) although the City denies a violation of either statute, if there was such a violation, the exclusive remedies for such violation are provided by the statutes themselves and do not support this private action; (2) the statutes (and no other law) "vest[] this Court with jurisdiction" to grant Complainant's requested relief; (3) the alleged actions did not violate Va. Code § 40.1-51.1:4 as a matter of law; and (4) the alleged actions did not violate Va. Code § 60.2-114 as a matter of law (i.e., that the record allegedly disclosed is not covered by the statute). (*See* Demurrer at 1–2.)

The City has also filed a Special Plea of Failure to Exhaust Administrative Remedies, "attaching a copy of a letter dated December 11, 2000, from the Deputy City Attorney handling the case for the City [Ex. A]. In it, the Deputy City Attorney offered to (1) withdraw the disputed exhibits, and agreed to (2) a continuance of the case and (3) the selection of a new panel, which such administrative actions would have fully remedied any perceived harm from the designation of the documents in question and would have constituted a full administrative remedy." (Def. Br. Supp. Demurrer & Special Plea at 2–3.)

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

Additionally, on demurrer, the Court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). Moreover, "a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that are properly a part of the pleadings." *Ward's Equip. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

Neither statute relied upon by Complainant was violated. The literal language of Virginia Code § 60.2-114 shows that the Appeals Examiner's decision in question was not included within its terms. The plain language of Virginia Code § 40.1-51.4:4 shows that it is not applicable to any documents other than "analysis of ... polygraph test charts," and applies only to documents introduced during a "proceeding." "One of the basic principles of statutory construction is that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *School Bd. v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989) (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)). Since the documents in question were not introduced or presented during a "proceeding," there was no violation. Under basic rules of statutory construction, the Court determines the General Assembly's intent from the words contained in the statute. *Williams v. Commonwealth*, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003); *see Mason & Dixon Lines, Inc. v. Commonwealth*, 185 Va. 877, 886, 41 S.E.2d 16, 20 (1947) ("In the construction of a statute, [the Court] look[s] to its four corners."). The logical construction of Code § 40.1-51.4:4(D) is that the term "proceeding" refers to the panel hearing and does not include, as the Complainant argues, everything occurring after an employee receives notice of a pending investigation.

Even if, for the purposes of argument only, the City violated the Virginia Code with regard to the exhibits submitted to the original panel referred to above and in the above referred to letter of November 15, 2000, the City offered to go forward with a newly constituted panel, with the disputed documents being withdrawn and thus not considered by a newly constituted panel and under the Grievance Procedures. In declining to proceed with the panel, Complainant voluntarily failed to exhaust his administrative remedies.

Complainant's prayer for relief requests that the Certificate be rescinded and the Complainant be reinstated to his former employment position with, *inter alia*, back pay and benefits. Complainant relies on the Virginia Beach Circuit Court's decision in *Williams v. City of Virginia Beach*, CL99-610 (Va. Beach Cir. Ct. Mar. 24, 2000) (Pl.'s Ex. 6), as persuasive authority for this point. *Williams* may be factually similar to the instant case, but there is at least one significant difference, the Virginia Beach grievance procedures differ greatly from the Norfolk procedures. *See* Virginia Beach, Virginia, City Code, §§ 2-72 to 2-74 and 2-128 to 2-140. Under the City of Norfolk Procedure, Complainant was offered and had the opportunity for a new panel, consisting of new persons without any reference to any polygraphs; this remedy is unavailable in Virginia Beach. The Virginia Beach Circuit Court's decision in *Williams* is not applicable to the instant case. Even if the complainant in *Williams* was prejudiced, it would have been because of the nature of the Virginia Beach grievance procedures because Williams would not have had the opportunity to have a different panel, and Complainant in this case would not have been so prejudiced because of the opportunity for a new panel if Complainant so desired.

Complainant is not entitled to seek relief in a private action. Virginia Code § 40.1-51.4:4(C) states:

> Any person who believes that he has been discharged, demoted, or otherwise discriminated against by a person in violation of this section may ... *file a complaint with the Commissioner*. Upon a finding by the Commissioner of a violation of this section, *the Commissioner shall order*, in the event of discharge or demotion, reinstatement of such person to his former position with back pay plus interest. ... Such orders of the Commissioner which have become final under the Virginia Administrative Process Act (§ 2.2-4000 et seq.) may be recorded, enforced, and satisfied as orders or decrees of a circuit court upon certification of such orders by the Commissioner. *The Commissioner, or his authorized representative, shall have the right to petition the circuit court for injunctive or other such relief as may be necessary for enforcement of this section.* No fees or costs shall be charged the Commonwealth by a court or any officer for or in connection with the filing of the complaint, pleadings, or other papers in any action authorized by this section.

(Emphasis added.)

If a person files a complaint with the Commissioner, the Commissioner may, if the Commissioner so determines, order reinstatement and/or petition a circuit court for relief. The applicable law does not provide that a complainant personally may file in a circuit court for such a remedy. Complainant has not filed a complaint with the Commissioner and, thus, has not followed the statute's express procedural remedy for a violation thereof. Further, Complainant's Bill of Complaint asks for attorney's fees and court costs, both of which are expressly prohibited by the statute.

With regard to any violation of Virginia Code § 60.2-114, which is a provision of the Virginia Unemployment Compensation Act, Code § 60.2-111(A) states, "It shall be the duty of the Commission to administer this title." Inherent in this declaration is the policy that the Commission will handle and prosecute any violations of the title. Therefore, Complainant is not entitled to file a suit in response to any violation of this Act.

Defendant's Demurrer and Special Plea are sustained.