COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


PATRICK RONALD VARNER

                                           MEMORANDUM OPINION[*] BY
v.        Record No. 2354-03-1             JUDGE NELSON T. OVERTON
                                               DECEMBER 14, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
Prentis Smiley, Jr., Judge

Ronald L. Smith (Smith & Smith-Ashley, on brief), for appellant.

Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


In a bench trial, Patrick Ronald Varner (appellant) was convicted of driving while under the influence of alcohol (DUI). On appeal of his conviction, appellant contends the trial court erred in admitting the results of his blood test because the Commonwealth did not prove he was arrested within three hours of the offense. Finding no error, we affirm appellant's conviction.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

At 3:30 a.m. on February 17, 2003, Trooper Robert Dudley of the Virginia State Police was dispatched to the scene of a motor vehicle accident on Route 134 in York County. When Dudley arrived, he found a single motor vehicle had run off the road and struck a utility pole.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rescue personnel were extracting appellant from the vehicle. Dudley detected a strong odor of alcohol about appellant, and appellant's eyes appeared glassy.

The rescue squad transported appellant to Riverside Hospital. Dudley followed appellant to the hospital, and found him asleep in a side room in the emergency department. After encountering difficulty in awakening appellant, Dudley spoke to appellant regarding the incident. Appellant's speech was slurred, and he seemed incoherent. Appellant did not recall what had happened to him, but said he left a restaurant that night just before closing time, which Dudley knew to be 2:00 a.m. He had then driven toward his home in Norfolk. According to the "DUI Evidence Form" introduced at trial by appellant, appellant admitted having consumed three beers.

Dudley advised appellant of Virginia's implied consent law, but told appellant the breath test was unavailable since appellant was in the hospital.[1] Dudley said if appellant would consent to a blood test, he would be released on a summons and allowed to remain at the hospital rather than taken to jail. Appellant agreed, and a blood sample was taken from him at 4:02 a.m. Dudley served upon appellant a summons for a first offense of DUI at 4:20 a.m. Dudley testified that he did not "physically arrest" appellant at the hospital. The certificate of analysis from appellant's blood test indicated a blood alcohol content of .23 % by weight by volume.

ANALYSIS

Appellant was charged with violating Code § 18.2-266, which provides in pertinent part:

> It shall be unlawful for any person to drive or operate any motor
> vehicle, engine or train (i) while such person has a blood alcohol
> concentration of 0.08 percent or more by weight by volume or 0.08
> grams or more per 210 liters of breath as indicated by a chemical
> test administered as provided in this article, [or] (ii) while such

---

[1] In advising appellant of Virginia's implied consent law, Dudley erroneously stated that appellant's arrest must occur within two, rather than three, hours of the offense. See Code § 18.2-268.2. Appellant does not contend, however, that Dudley's misstatement of the law affects the determination of the issue raised on appeal.

> person is under the influence of alcohol . . . . A charge alleging a violation of this section shall support a conviction under clauses (i), [or] (ii) . . . .

Code § 18.2-268.2 provides that any person who operates a motor vehicle upon Virginia highways consents to have blood or breath samples taken from him if he is "arrested for [DUI] . . . within three hours of the alleged offense." Code § 18.2-268.2. "The purpose of the implied consent law requiring the test to be taken is to determine the concentration of alcohol in a driver's blood or breath sample, and thereby determine the driver's state of intoxication or sobriety." Quinn v. Commonwealth, 9 Va. App. 321, 324, 388 S.E.2d 268, 270 (1990). "Generally, failure to comply with Code § 18.2-268.2 or companion statutes precludes introduction of the relevant test results in proof of DUI." Williams v. Commonwealth, 38 Va. App. 414, 420, 565 S.E.2d 328, 331 (2002), aff'd, 265 Va. 268, 576 S.E.2d 468 (2003). But see Code § 18.2-268.11 (the statutory steps "relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive" and substantial compliance with such procedures is sufficient).

Appellant contends he was not arrested for purposes of Code § 18.2-268.2 when Dudley issued him the summons for DUI. Because he was not arrested within three hours of the alleged offense, he argues, the certificate of analysis containing the results of the blood test was not admissible against him at trial.

The timeliness of a defendant's arrest for DUI is a basic condition underlying Virginia's implied consent law. See Overbee v. Commonwealth, 227 Va. 238, 243, 315 S.E.2d 242, 244 (1984). In the absence of a timely arrest, "the Commonwealth has no right to collect the [blood] sample in the first place and, a fortiori, even less right to offer into evidence test results based on the sample." Cutright v. Commonwealth, 43 Va. App. 593, 601, 601 S.E.2d 1, 5 (2004). See also Castillo v. Commonwealth, 21 Va. App. 482, 465 S.E.2d 146 (1995).

- 3 -

"'With a few statutory exceptions, . . . the common law relating to arrest is the law on that subject in Virginia.' Under the common law, an arrest required either the application of physical force or, where that was absent, submission to the assertion of authority." Cavell v. Commonwealth, 28 Va. App. 484, 486, 506 S.E.2d 552, 553 (1998) (*en banc*) (citations omitted). Notwithstanding Dudley's testimony that he did not "physically arrest" appellant, the evidence demonstrated that Dudley detained appellant and appellant submitted to Dudley's authority in the hospital. After appellant provided information to the officer, Dudley recited Virginia's implied consent law. Dudley stated appellant could avoid going to jail by consenting to a blood test. Appellant agreed. After the blood test, Dudley issued appellant a summons, which is "a post-arrest document which facilitates prompt release upon a promise to appear." Davis v. Commonwealth, 17 Va. App. 666, 671, 440 S.E.2d 426, 430 (1994).

Considering all the facts and circumstances, the evidence proved that appellant was arrested for DUI within three hours of the offense. Therefore, the trial court did not err in admitting the certificate of analysis.

Affirmed.