COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


DOUGLAS OWEN DAVIS

OPINION BY
v.        Record No. 0674-04-3          CHIEF JUDGE JOHANNA L. FITZPATRICK
FEBRUARY 1, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GRAYSON COUNTY
J. Colin Campbell, Judge

Jonathon M. Venzie for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Douglas Owen Davis (appellant) was convicted in a bench trial of "Escape from

Confinement" in violation of Code § 18.2-479(B).  On appeal, he contends that he was not in the

"custody of the court," and thus did not escape.  We agree and reverse and dismiss appellant's

conviction.

I.  BACKGROUND AND PROCEDURAL POSTURE

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

The facts of this case are uncontroverted.  On July 24, 2003, appellant pled guilty to five

felony drug charges and three additional misdemeanor offenses.  The trial court ordered a

presentence investigation and report returnable to September 4, 2003 and continued appellant on

bond.[1] Appellant was told to report to the regional jail on August 1, 2003, prior to his sentencing date. He failed to report to the jail as ordered and was arrested at a friend's apartment on August 7, 2003. He was then charged with escape from court custody. At trial, he argued that the Commonwealth failed to prove that he was in the "custody of the court" as required by Code § 18.2-479(B). The trial court found him guilty and sentenced him to two years in prison with one year suspended.

## II. ANALYSIS

The sole issue raised in this appeal is whether appellant was "in the custody of [the] court" within the meaning of Code § 18.2-479(B) when he failed to report to jail after being released on bond by the trial court. We note that we have not addressed the meaning of the term "custody" in this statutory context.

"In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo*.'" Rollins v. Commonwealth, 37 Va. App. 73, 78-79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

Code § 18.2-479(B) provides:

> If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a felony escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a Class 6 felony.

---

[1] The orders of conviction on the five felony offenses read that appellant "is continued under present bond until date of sentencing." However both counsel agree that appellant was ordered to report to jail on August 1, 2003 as part of the court order and that is the agreed factual basis of the instant offense.

In Cavell v. Commonwealth, 28 Va. App. 484, 506 S.E.2d 552 (1998), we addressed *en banc* the requirements of being "lawfully in the custody of . . . [a] law enforcement officer." While dealing with an arrest issue, that analysis is instructive in this case.

In Cavell, the police attempted to arrest the defendant on an outstanding felony warrant. The police approached and repeatedly told Cavell that he was under arrest. Cavell refused to submit to the officer, and he fled when the police attempted to grab him. The police "neither touched appellant nor obtained appellant's submission to his show of authority." Id. at 487, 506 S.E.2d at 553. In the context of an arrest, we reasoned that, since Cavell was neither touched nor submitted to the officer's authority, he was not in custody: "In short, the evidence shows appellant did not submit . . . to [the officer's] show of authority, and . . . was not detained by the exercise of any physical restraint at the time he fled." Id. Thus, we required either some type of immediate physical control or submission. In so doing, we expressly overruled our earlier holding in Castell v. Commonwealth, 21 Va. App. 78, 461 S.E.2d 428 (1995). See Cavell, 28 Va. App. at 487, 506 S.E.2d at 553.

Recently, in White v. Commonwealth, 267 Va. 96, 591 S.E.2d 662 (2004), the Supreme Court addressed the issue of whether a defendant was in "custody" within the meaning of this statute. In finding the evidence insufficient to sustain White's conviction, the court emphasized the necessity of immediate control: "[I]t is clear that for purposes of prohibiting an escape under Code § 18.2-479,[2] the General Assembly must have intended that the term 'custody' would include a *degree of physical control or restraint* under circumstances other than those also necessary to constitute an actual custodial arrest." Id. at 104, 591 S.E.2d at 667 (emphasis added) (footnote added). While noting that a "formal arrest" is not a prerequisite to being in

---

[2] We note that while the factual basis for White was a police detention, the Court's statutory analysis is not limited, but applies to the entire group covered in Code § 18.2-479, i.e., "any court or officer thereof or any law enforcement officer."

custody, the court emphasized that an individual's "freedom of movement" must be curtailed. Id. at 104, 105, 591 S.E.2d at 667, 668.

Appellant in the instant case had been released from the trial court pending sentence and allowed to remain free on bond. At that point he was no longer in the physical custody or even presence of the court. Thus, the "sufficient restraint to have physical control over him" did not presently exist. See id. at 106, 591 S.E.2d at 668. At best, he had a future appearance requirement. Additionally, he failed to appear at the jail, and thus he never submitted to the court's directive or authority.

To escape from "court custody" clearly encompasses those instances where a defendant flees from a courtroom or a court security officer. This would be analogous to the "arrest custody" defined by Cavell and White. To extend this analysis as the Commonwealth suggests would require us to adopt a "constructive" rather than "actual" control test as outlined by the Supreme Court.[3] This we decline to do.

For the foregoing reasons, we reverse the trial court and dismiss the charge.

Reversed.

---

[3] We do not preclude by this holding the trial court's other remedies for failure to abide by its orders.