McCLANAHAN, Judge,
dissenting.
The majority’s assertion that Gray makes no sufficiency of the evidence claim and instead raises only the legal ineligibility of Bourne to adopt children is incorrect and is not supported, even by Gray’s question presented—“did the Court abuse its discretion in its finding that granting the adoption of the child to be known as R[.]I[.]B[.] was in that child’s best interests?” The majority opinion and appellant’s briefs make clear that the sufficiency question is at issue and not “effectively conceded.”[3]
*21 On the question of sufficiency, an appellate court may reverse the trial court’s decision only when the trial court was plainly wrong. See Frye v. Spotte, 4 Va.App. 530, 537, 359 S.E.2d 315, 319-20 (1987); see also Schweider v. Schweider, 243 Va. 245, 415 S.E.2d 135 (1992). The trial court is plainly wrong because its findings address the wrong question. The question does not involve whether there is any “current threat” or “future threat” to a child, whether the sex offender needs counseling, whether the “household [is] unsuitable for the adoptive placement,” or whether Mr. Bourne is appropriate as an adoptive parent. The question is, under a clear and convincing standard, and properly animated by the policies of the General Assembly, whether a rational jurist could conclude that these findings are sufficient to determine that a birth *22 parent’s withholding consent is not in the best interests of this child. A rational jurist could not so conclude.
On the question of law, I agree with the majority’s conclusion that Code §§ 9.1-908 and 63.2-1205 do not specifically operate to preclude a convicted sex offender from adopting a child. But, the notion that the legislature could have included in either of those statutes a provision that a prospective parent’s prior conviction requiring registration as a sex offender or the prospective parent’s failure to register as a sex offender renders that prospective parent ineligible to adopt children ascribes an inappropriate purpose to those statutes. Code § 63.2-1205 applies only to the relationship between the birth parent and the child. It does not contemplate nor address the fitness of the prospective parent. Code § 9.1-908 governs only the duration of the registration requirement. The absence of express prohibitions against registered sex offenders adopting children in Code § 63.2-1205 and Code § 9.1-908, two statutes that are irrelevant to prospective parents, does not lead to the conclusion that the General Assembly intended that registered sex offenders are permitted to adopt children.
In fact, the intent of the General Assembly cannot be discerned by construing Code § 9.1-908 without considering the purpose of the statute. “A statute must be construed with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it.” Esteban v. Commonwealth, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003) (citing Stanley v. Tomlin, 143 Va. 187, 195, 129 S.E. 379, 382 (1925)) (emphasis added). In this case, the trial court failed to consider the very purpose for which the “Sex Offender and Crimes Against Minors Registry” exists. Code § 9.1-900 plainly states the registry exists “to protect ... communities and families from repeat sex offenders and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with children.” (Emphasis added). If the *23 General Assembly’s goal is to protect communities and families and to prevent sex offenders from working directly with children, how can it be in the best interests of this child to have a non-compliant sex offender adopt the child into his own home—a sex offender who pleads guilty and is convicted of sexual battery of a minor, after admitting to taking a child’s hand and pushing it against his penis to obtain an erection?
The absence of a per se bar in Code § 9.1-908 does not mean that the General Assembly intended that a registered sex offender be permitted to adopt a child. Such an interpretation does not impose a prohibition by judicial fiat in a statute that does not contemplate the fitness of an adoptive parent—it is a matter of judicial discretion applied to the statute that requires consideration of the best interests of a child in light of the General Assembly’s policies. “The strong public policy of this Commonwealth posits that the paramount concern where children are concerned [is] their best interests.” Commonwealth v. Johnson, 7 Va.App. 614, 623, 376 S.E.2d 787, 792 (1989). I fail to see how a birth parent’s withholding consent for such an adoption can be contrary to the best interests of the child. Code §§ 63.2-1203, 63.2-1205. I, therefore, dissent.

. The majority states in its opinion: "Here, in determining that adoption by the Bournes was in R.I.B.’s best interests and that Gray’s withholding of consent to the adoption was contrary to R.I.B’s best interests, the trial court considered all relevant factors, including Mr. Bourne’s conviction for sexual batteiy of a minor in 1997 and his alleged delay in registering as a sex offender, as well as each of the specifically identified factors of Code § 63.2-1205.”
The appellant states in his brief: "[Bourne’s] reluctance to comply with the lawful requirement of registration coupled with the fact that the offense had been committed against an ll[-]year[-]old child should raise red flags in any trial court’s considerations of [Bourne] as an adoptive father.” Appellant’s Opening Br. at 5; “The trial court was obviously made well aware of these discrepancies in Mr. Bourne’s recounting of the facts of the offense, why he chose to agree to a guilty plea, and his unexplained delay in completing the registration requirements once he was fully aware of those requirements. When an offense is considered so serious in its nature as to require the offender to be on a regulated, mandated registry, which the Commonwealth [ ] does not require of someone who commits a homicide, further questions about the offender’s character and judgment are raised by his changing *21 accounts of details surrounding that offense.” Appellant’s Opening Br. at 6; "With this child’s current custodial placement in no jeopardy, nor likely to ever be in jeopardy and given the sexual offender status of the adoptive father, it was an abuse of discretion for the trial court to rule as it did.” Appellant’s Opening Br. at p. 9; ”[T]he Appellant’s objection to the Court’s ruling that it is in this child’s best interests to grant the adoption petition necessarily includes an examination of all of the factors laid out in [] Code § 63.2-1205.” Appellant's Reply Br. at 1 (emphasis added); "Mr. Bourne never, in any of his testimony, expressed any genuine remorse for or insight about his sexual offense.” Appellant’s Reply Br. at 2.
In addition, the parties, in their briefs, clearly use a standard of review appropriate for a sufficiency question. The guardian ad litem and the Bournes state: "when the trial court’s decision is based ... on an ore tenus hearing, it ‘is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.’ ” (citing Frye v. Spotte, 4 Va.App. 530, 537, 359 S.E.2d 315, 319-20 (1987)). The guardian ad litem and the Bournes further state: ”[I]t is well settled that the trier of fact ascertains a witness’ credibility, determines the weight to be given their testimony, and has the discretion to accept or reject any of the witness' testimony.” (citing Anderson v. Anderson, 29 Va.App. 673, 686, 514 S.E.2d 369, 376 (1999)).
The appropriate standard of review for a question of law is de novo. "In determining whether the trial court made an error of law, 'we review the trial court’s statutory interpretations and legal conclusions de novo.’ ” Rollins v. Commonwealth, 37 Va.App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va.App. 187, 193, 503 S.E.2d 233, 236 (1998)); see also Davis v. Commonwealth, 45 Va.App. 12, 14, 608 S.E.2d 482, 483 (2005).