COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Salem, Virginia


NEHEMIAH NMN THOMAS, JR.
                                            OPINION BY
v.          Record No. 2197-96-3    CHIEF JUDGE NORMAN K. MOON
                                            JULY 15, 1997
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

           Margaret Angela Nelson, Assistant Public
           Defender (Office of the Public Defender, on
           brief), for appellant.

           Kathleen B. Martin, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Nehemiah NMN Thomas, Jr. appeals his conviction of driving
after having been declared an habitual offender, second offense.
 Thomas asserts that the trial court erred in: (1) finding that
Code § 46.2-357(B)(3) was not vague or overly broad and that it
conformed with legislative intent; (2) finding that Code
§ 46.2-357(B)(3) does not require that a prior conviction of a
first offense precede the charging of a second offense under Code
§ 46.2-357; and (3) permitting the Commonwealth to amend the
indictment.

     We hold that Code § 46.2-357(B)(3) is not vague or overly
broad and that its plain meaning clearly provides that any second
or subsequent driving offense in violation of Code § 46.2-357
subjects a defendant to the enhanced punishment provision of Code
§ 46.2-357, whether or not the defendant has been convicted of

the earlier offense at the time the second driving offense occurs.  We further hold that because the Commonwealth's amended indictment did not change the "nature or character of the offense charged," the trial court did not err in permitting the amendment.  Accordingly, we affirm.

Thomas was adjudicated an habitual offender on April 5, 1995.  On August 30, 1995, he was charged with driving after having been declared an habitual offender, first offense.  He was ultimately convicted of this charge on March 19, 1996.  On February 11, 1996, Officer Flynn of the Lynchburg Police Department observed Thomas operating an automobile that matched the description of a stolen vehicle.  Thomas sped away and Flynn pursued him until Thomas stopped his vehicle in the middle of a street, exited the vehicle, and fled on foot.  Flynn apprehended Thomas, and after informing him that he had determined that the vehicle was not stolen, Flynn inquired whether Thomas' license was "suspended or habitual or anything like that?"  Thomas responded that he knew that his license was "suspended."  Thomas was charged with driving after having been declared an habitual offender, second offense.

An indictment was returned on May 6, 1996, stating that Thomas, having been declared an habitual offender, "operated a motor vehicle . . . having been once or more previously convicted and sentenced for a like offense."  At trial, Thomas argued that he was improperly charged with a felony under Code § 46.2-357(B)(3) because he had not been convicted of driving

after having been declared an habitual offender, first offense, before he committed the second offense. The Commonwealth introduced a certified copy of an order which established that Thomas was convicted on March 19, 1996 of operating a motor vehicle on August 30, 1995, after having been adjudicated an habitual offender, first offense. Subsequently, the Commonwealth was permitted, over Thomas' objection, to amend the indictment to read that Thomas, having been declared an habitual offender, had driven on February 11, 1996, "being a second or subsequent offense, in violation of Virginia Code § 46.2-357." Thomas was subsequently found guilty of driving after having been declared an habitual offender, second offense.

<u>Constitutional Challenge</u>

Thomas asserts that the language of Code § 46.2-357(B)(3) is vague and overly broad and consequently violated his due process rights under the Fourteenth Amendment of the United States Constitution, and Article I, Section 8 of the Virginia Constitution. Code § 46.2-357(B) provides that:

> Any person found to be an habitual offender under this article, who is thereafter convicted of driving a motor vehicle . . . shall be punished as follows:
>
>      *    *    *    *    *    *    *
>
>     2. If such driving, of itself, does endanger the life, limb, or property of another, such person shall be guilty of a felony . . . and no portion of such sentence shall be suspended except that . . . (ii) in cases wherein such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, said sentence, or any part thereof may

- 3 -

> be suspended.
>
> > 3.  If the offense of driving while a determination as an habitual offender is in effect <u>is a second or subsequent such offense</u>, such person shall be punished as provided in subdivision 2 of this subsection . . . .

(Emphasis added.)

"A criminal statute is unconstitutionally vague only if it fails to define the offense `with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" <u>Bell v. Commonwealth</u>, 21 Va. App. 693, 700, 467 S.E.2d 289, 292 (1996) (citations omitted).  The meaning of Code § 46.2-357(B)(3) is clear on its face.  A person of ordinary intelligence would understand that any second or subsequent driving in violation of Code § 46.2-357 would make him eligible for the enhanced punishment provision, whether or not he had been convicted of the earlier offense before the occurrence of the second driving offense.  <u>Cf.</u> <u>Jones v. Commonwealth</u>, 21 Va. App. 435, 440, 464 S.E.2d 558, 560 (1995) (<u>en</u> <u>banc</u>).

Code § 46.2-357(B)(3) establishes that a second "offense" is punishable as a felony.  The statute does not require that for a first offense to be cognizable as such, it must not only occur prior to the second offense, but also result in conviction <u>prior</u> to the occurrence of the second offense.

Thomas' assertion that the trial court's application of Code § 46.2-357 is inconsistent with legislative history, is also

unpersuasive.  When interpreting a statute, if the language is clear and unambiguous on its face, we will look no further than the plain meaning of the statute's words.  Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).  "[W]hen the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning."  Id.  Because Code § 46.2-357(B)(3) is unambiguous, it is both unnecessary and improper to consider legislative history in determining the meaning of the statute.

## Mitigation Provisions

We also reject Thomas' additional argument that Code § 46.2-357 should be interpreted as requiring a conviction for a first offense prior to the occurrence of the second offense, because Code § 46.2-357(B)(2)(ii), unlike other habitual offender statutes, provides for discretionary mitigation of the enhanced punishment provision.

The fact that Code § 46.2-357(B)(2)(ii) contemplates the possibility that an habitual offender might find himself in an emergency situation requiring that he drive, has no effect on the interpretation of Code § 46.2-357(B)(3).  Code § 46.2-357(B)(2)(ii) merely provides for mitigation in punishment where an emergency necessitates driving, and as such, it does not alter the clear and unambiguous language of Code § 46.2-357(B)(3).  Nor does the mitigation provision of Code § 46.2-357(B)(2)(ii) serve to somehow require that the language

- 5 -

of the statute be interpreted in a manner that is inconsistent with or different from the interpretation of other repeat offender sections. In analogous circumstances, we had held that Code § 18.2-248(C), addressing repeat drug offenders, does not require that the defendant be convicted of a first drug offense before he commits a second offense in order for the enhanced punishment provision to apply. Jones, 21 Va. App. at 440, 464 S.E.2d at 560 (1995) (en banc).

### Amendment of Indictment

Code § 19.2-231 authorizes a trial court to amend an indictment, "provided the amendment does not change the nature and character of the offense." Willis v. Commonwealth, 10 Va. App. 430, 437, 393 S.E.2d 405, 408 (1990). "The statute authorizes a trial court to amend indictments in two instances: where there is a defect in form, or where there is a variance between the allegations and the evidence, provided the amendment does not change the nature or character of the offense charged." Id. The statute is to be liberally construed in order to avoid unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment. Sullivan v. Commonwealth, 157 Va. 867, 876-77, 161 S.E. 297, 300 (1931).

The record establishes that the Commonwealth's amendment did not change the "nature or character of the offense charged." Prior to the amendment, the indictment charged Thomas with violating Code § 46.2-357 by having been declared an habitual offender, and then operating a motor vehicle, "having been once

- 6 -

or more previously convicted and sentenced for a like offense."
The amended indictment charged that Thomas had driven on February
11, 1996, after having been declared an habitual offender, "being
a second or subsequent offense, in violation of Virginia Code
§ 46.2-357."  The amended indictment charged Thomas under the
same code section and alleged the same actions in substantiation
of the charge.  The changes effected by the amendment were
semantic in nature and did not substantively alter the charge
against Thomas.  The amended indictment also satisfied the
requirements of Code § 19.2-220 in that it provided a "plain,
concise, and definite written statement . . . describing the
offense charged" by detailing the date, place, and nature of the
acts which Thomas were alleged to have committed and by "cit[ing]
the statute . . . that defines the offense."

Holding that Code § 46.2-357 is not vague or overly broad,
that it is consequently unnecessary to consider legislative
history in interpreting the statute, and that the trial court did
not err in permitting amendment of the indictment, we affirm.

<u>Affirmed.</u>