Present:  All the Justices

NEHEMIAH THOMAS, JR.

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v.  Record No. 971730                    June 5, 1998

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal focuses upon the General Assembly's use of the words "conviction" and "offense" in the statutes dealing with the operation of motor vehicles by habitual offenders.

Code § 46.2-351 defines an habitual offender as any person who has accumulated the required number of multiple convictions for separate offenses relating to operation of motor vehicles.  Code § 46.2-355 authorizes revocation of an habitual offender's driving privileges.

Code § 46.2-357(A) provides, "It shall be unlawful for any person to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect."  Code § 46.2-357(B)(1) provides that if an habitual offender is convicted of driving a motor vehicle while the revocation determination is in effect the person shall be guilty of a misdemeanor, under certain circumstances.

Code § 46.2-357(B)(3), the basis of the present dispute, provides, "If the offense of driving while a determination as an habitual offender is in effect is a second or subsequent such

offense," the person shall be guilty of a felony and punished as set forth in another portion of the statute.

The main issue in this appeal is whether § 46.2-357(B)(3) subjects a defendant to the specified enhanced punishment for a subsequent offense if, at the time of commission of that offense, the defendant has not been convicted of the earlier offense.

On August 9, 1996, defendant Nehemiah Thomas, Jr., was convicted after a bench trial in the Circuit Court of the City of Lynchburg of the felony of driving after having been adjudicated an habitual offender, second offense. He was sentenced to confinement in the penitentiary for one year. After the Court of Appeals affirmed the conviction, Thomas v. Commonwealth, 25 Va. App. 256, 487 S.E.2d 289 (1997), we awarded defendant this appeal.

The facts are undisputed; the chronology is important. On April 5, 1995, the circuit court adjudicated defendant an habitual offender. On August 30, 1995, defendant was charged with driving after having been declared an habitual offender, but he was not convicted of that offense until March 19, 1996.

On February 11, 1996, defendant was apprehended following his operation of a motor vehicle on the streets of Lynchburg. Following indictment for a felony violation of § 46.2-357, the defendant was tried in the circuit court in June 1996. At trial, he admitted to commission of the crime. Defendant argued, however, that he had been charged improperly with a felony because he had not been

2

convicted of the August 1995 first offense when he committed the second offense in February 1996.

Affirming defendant's conviction, the Court of Appeals said: "Code § 46.2-357(B)(3) establishes that a second 'offense' is punishable as a felony. The statute does not require that for a first offense to be cognizable as such, it must not only occur prior to the second offense, but also result in conviction prior to the occurrence of the second offense." 25 Va. App. at 260, 487 S.E.2d at 291. We agree.

Initially, we reject defendant's contention that the Court of Appeals erred by refusing to find that the language "second or subsequent such offense" in Code § 46.2-357(B)(3) is unconstitutionally vague and ambiguous. "A penal statute is void for vagueness if it fails to give a person of ordinary intelligence notice that his contemplated conduct is forbidden by the statute and if the enactment encourages selective law enforcement." Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988), cert. denied, 490 U.S. 1009 (1989).

In the context of the habitual offender statutes, there is nothing uncertain or ambiguous about the phrase "second or subsequent such offense" when applied to defendant's conduct. As the Court of Appeals said, the meaning of the statute "is clear on its face. A person of ordinary intelligence would understand that any second or subsequent driving in violation of Code § 46.2-357

3

would make him eligible for the enhanced punishment provision, whether or not he had been convicted of the earlier offense before the occurrence of the second driving offense." 25 Va. App. at 260, 487 S.E.2d at 291.

Additionally, because the statutory language is free of ambiguity, the Court of Appeals correctly rejected defendant's reliance upon proffered legislative history to construe the language. When, as here, the language is clear, settled rules of statutory construction do not permit resort to legislative history because courts take the words as written to determine their meaning. Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

Turning to the focus of this appeal, we hold that the General Assembly's choice of the word "offense" in § 46.2-357(B)(3), rather than the word "conviction," clearly demonstrates an intent to authorize punishment enhancement without a prior conviction.

Plainly, the purpose of § 46.2-357 is to deter criminal conduct by punishing those who repeatedly drive after having been declared an habitual offender, rather than to reform habitual offenders. See Ansell v. Commonwealth, 219 Va. 759, 762-63, 250 S.E.2d 760, 762 (1979); Mason v. Commonwealth, 16 Va. App. 260, 262-63, 430 S.E.2d 543, 543-44 (1993). If the defendant's interpretation of the statute were adopted, an offender could commit multiple unlawful acts of driving without fear of being punished for a felony merely because the offender could not be tried and convicted quickly enough

4

between offenses.  An interpretation of the statute that allows a defendant to violate it with impunity would be contrary to the clear legislative intent.  See Ansell, 219 Va. at 763, 250 S.E.2d at 763; Mason, 16 Va. App. at 263, 430 S.E.2d at 544.

Finally, defendant argues the Court of Appeals erred in affirming the trial court's action allowing the indictment to be amended.  We do not agree with defendant.

The indictment charged that defendant "unlawfully, feloniously and after having been declared an habitual offender" operated a motor vehicle, "said person having been once or more previously convicted and sentenced for a like offense, in violation of Virginia Code § 46.2-357."  After the trial, but before the defendant was found guilty, the court granted the Commonwealth's motion to amend the indictment to read that defendant operated a motor vehicle as an habitual offender, "being a second or subsequent offense, in violation of Virginia Code section 46.2-357."

Code § 19.2-231 permits amendment of an indictment for any defect in form or for any variance between the allegations and proof "at any time before . . . the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged."  The Court of Appeals correctly ruled that the amendment did not change the nature or character of the offense charged, stating, "The amended indictment charged Thomas under the same code section and alleged the same actions in

5

substantiation of the charge.  The changes effected by the amendment were semantic in nature and did not substantively alter the charge against Thomas."  25 Va. App. at 262, 487 S.E.2d at 292.

Consequently, the judgment of the Court of Appeals will be

Affirmed.