COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


KENDALL LEE CRAWFORD

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1844-99-3       JUDGE RUDOLPH BUMGARDNER, III
                                          MAY 16, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                     Humes J. Franklin, Jr., Judge

              David B. Hargett (J. Paul Gregorio;
              Morrissey & Hershner, PLC; Darvin Satterwhite
              Law Office, on brief), for appellant.

              Michael T. Judge, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Upon a plea of guilty, the trial court convicted Kendall

Lee Crawford of conspiring to distribute marijuana and cocaine

in violation of Code § 18.2-256 and sentenced him to twenty

years with fourteen suspended.  The defendant argues the trial

court lacked jurisdiction to try him for the offense.  Finding

no error, we affirm.

     The arrest warrant charged the defendant with conspiring to

distribute drugs from August 15, 1996 to November 3, 1997.  The

defendant waived preliminary hearing before the general district

court, which certified the charge.  The grand jury returned an

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

indictment that also charged the conspiracy occurred from August 15, 1996 to November 3, 1997.

The defendant moved to dismiss the indictment for lack of jurisdiction because the defendant was still a juvenile during part of the time charged in the conspiracy indictment. The defendant became an adult February 13, 1997, but the indictment charged the conspiracy began August 15, 1996. The trial court denied the defendant's motion to dismiss, and over his objection, amended the indictment to charge the defendant with conspiring from February 13, 1997 through November 3, 1997. The amended indictment excluded any period of time when the defendant was a juvenile. The trial court re-arraigned the defendant, and he changed his plea to guilty.

The defendant contends that the juvenile and domestic relations district court alone had jurisdiction over the charge because the original warrant alleged acts committed while the defendant was a juvenile. He argues that amending the indictment could not bestow jurisdiction that was lacking in the original warrant and subsequent indictment.

While the general district court did not have jurisdiction over a warrant charging the defendant with crimes while he was a juvenile, the juvenile and domestic relations district court would not have had jurisdiction over crimes committed while he

-

was an adult.  Code § 19.2-231[1] permits the trial court to amend an indictment to correct a "defect in form."  Willis v. Commonwealth, 10 Va. App. 430, 437, 393 S.E.2d 405, 408 (1990). A trial court can amend the indictment "provided the amendment does not change the nature and character of the offense."  Id. "The statute is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring re-indictment." Thomas v. Commonwealth, 25 Va. App. 256, 262, 487 S.E.2d 289, 292 (1997) (citing Sullivan v. Commonwealth, 157 Va. 867, 876-77, 161 S.E. 297, 300 (1931)), aff'd, 256 Va. 38, 501 S.E.2d 391 (1998).

---

[1] Code § 19.2-231 provides:

> If there be any defect in form in any indictment, . . ., or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, . . ., at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, . . . as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

-

In this case, the amendment to the indictment did not change the nature and character of the offense charged.  It reduced the time during which it charged the defendant with conspiring to distribute drugs.  The amendment did not expand the dates specified in the original offense or shift the periods encompassed by the charge.  Cf. Crawford v. Commonwealth, 23 Va. App. 661, 665, 479 S.E.2d 84, 86 (1996) (en banc) (court should grant continuance where amended indictment alleged new offense dates and defendant presented alibi defense).

The amended indictment did not substantively alter the charge against the defendant.  It charged the defendant under the same code section and alleged the same acts in furtherance of the conspiracy.  See Thomas, 25 Va. App. at 262, 487 S.E.2d at 292 (amended indictment altered habitual offender offense from "having been once or more previously convicted and sentenced for a like offense" to "being a second or subsequent offense"); Sullivan, 157 Va. at 876, 161 S.E. at 300 (amendment authorizing greater punishment does not change character of offense charged).

The defendant pled guilty to the indictment as amended and stipulated the evidence.  See Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 245 (1997) (court is authorized to enter judgment where defendant acquiesces to being found guilty of charge set forth in amended indictment).  The trial court noted that it convicted the defendant only for acts that

-

occurred after the defendant became an adult.  The trial court further stated, "[a]ny sentencing that's done is going to be done with respect to acts that were stipulated and took place after [the defendant] turned eighteen."

We conclude that the trial court had jurisdiction to try the offense.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-