COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


IVEY LEWIS JONES

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 3020-02-2                       JUDGE JAMES W. BENTON, JR.
                                                         APRIL 27, 2004

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                            Oliver A. Pollard, Jr., Judge

                Elliott B. Bender for appellant.

                Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
                Attorney General, on brief), for appellee.


        The trial judge convicted Ivey Lewis Jones of the felony of driving after being declared a

habitual offender, second or subsequent offense, in violation of Code § 46.2-357(B)(3).  Jones

contends on appeal that the evidence was insufficient to prove beyond a reasonable doubt that he

had a prior conviction for driving after being declared a habitual offender.  We disagree and affirm

the conviction.

                                                 I.

        On May 24, 1999, a police officer stopped Jones while he was driving and detained him on

a matter unrelated to this appeal.  When the police officer sought to determine whether arrest

warrants had been issued for Jones, he learned from his dispatcher that Jones was a "habitual

offender."  A grand jury later indicted Jones for feloniously operating a motor vehicle after being

declared a habitual offender.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At a bench trial in the circuit court on May 9, 2000, the Commonwealth introduced, over Jones's objection, Jones's driving record from the Department of Motor Vehicles and a copy of an abstract of conviction in 1997.[1]  The trial judge specifically found that these exhibits showed that on February 16, 1996 the Department determined Jones was a habitual offender and that on July 15, 1997 a judge of the General District Court of the City of Petersburg convicted Jones of a misdemeanor for driving on June 11, 1997 while having the status of a habitual offender.  The evidence also proved that on February 2, 1998 a judge of the General District Court of Prince George County adjudicated Jones a habitual offender.  Based on this evidence, the trial judge convicted Jones of feloniously operating a motor vehicle on May 24, 1999 after being declared a habitual offender in violation of Code § 46.2-357(B)(3).  The conviction order, which the judge entered on May 9, 2000, was not a final order because the judge continued the matter for sentencing.

Following this conviction order and prior to sentencing, Jones filed a motion to reconsider based on newly discovered evidence.  In his motion, Jones asserted that a judge of the Petersburg "General District Court reopened and dismissed" the conviction for the June 11, 1997 driving offense and that, therefore, the May 24, 1999 driving offense was a misdemeanor, not a felony. Attached to his motion was an abstract showing the dismissal occurred on July 18, 2000.  At the June 2002 hearing in the circuit court on the motion to reconsider, the Department's custodian of the records testified that the Department's records showed that Jones was adjudicated a habitual offender in the General District Court of Prince George County in 1998 and that his records did not show, prior to that date, any adjudications of Jones being a habitual offender.  The custodian of the records also testified that the Department's records indicate a show cause order concerning a

---

[1] Although the transcript of the May 9, 2000 trial indicates at pages 59-60 that both documents were admitted into evidence, the record on appeal does not contain the abstract of the 1997 conviction.

habitual offender offense was dismissed in Petersburg General District Court on January 30, 1996. He further testified that his records showed no evidence of a "misdemeanor habitual offender" conviction. He testified, however, that Jones was convicted in Petersburg on November 17, 1999 for "driving under revocation or suspension."

The prosecutor introduced into evidence a letter dated February 20, 1996 from the Department informing Jones that on February 16, 1996, the Department determined him to be a habitual offender. The prosecutor also showed the custodian of the records a copy of the prior misdemeanor conviction for driving after having been convicted as a habitual offender entered by the General District Court of the City of Petersburg. The custodian could not explain why the Department's records differed from these exhibits and testified that it appeared his records were "not complete." At the request of the custodian for an opportunity to research the discrepancy, the judge continued the hearing.

At the continued hearing, the custodian testified that the Department's records indicate that Jones was adjudicated a habitual offender in Prince George County in 1998 and that he has no "misdemeanor habitual offender" convictions. He also testified, however, that his research indicated the Department determined Jones to be a habitual offender in 1996 and that the Department's procedures would have required the Department to expunge its habitual offender determination from its records when it received the habitual offender adjudication by the Prince George General District Court in 1998. He explained: "It's [the Department's] procedure that if [the Department] has taken the action to determine you to be a habitual offender and some time after that information is received from another court that they have adjudicated him, then [the Department's] decision would be waived." Cross-examining the custodian of the records, the prosecutor asked the following:

Q: What was his actual status on May 24, 1999?

A: [Jones] should have been an habitual offender status.

\* \* \* \* \* \* \*

Q: My question is . . . [: you have] already testified that he was under a habitual offender status [on May 24, 1999]. My second question in light of that was, on May 24, 1999, isn't it true he also had a misdemeanor conviction for habitual offender from Petersburg General District Court?

A: Yes, sir.

The custodian of the records explained that he reviewed the amended abstract from the Petersburg General District Court and concluded that Jones had been convicted of a misdemeanor for driving after being declared a habitual offender. He acknowledged, however, that the Department's records did not show the conviction.

At the conclusion of the hearing, the trial judge ruled: "I'm satisfied with what [the custodian of the records] said. [Jones] was declared an habitual offender by [the Department] in '96. Changed his conviction in General District Court Petersburg in '97. And now has come to this court. The conviction will stand and motion to reconsider is denied." After entry of the sentencing order, Jones appealed.

## II.

In pertinent part, Code § 46.2-357(B) provides as follows:

> [A]ny person found to be a habitual offender . . . , who is thereafter convicted of driving a motor vehicle . . . while the revocation determination is in effect [and if] the offense of driving while a determination as a habitual offender is a second or subsequent such offense, such person shall be [guilty of a felony], irrespective of whether the offense, of itself, endangers the life, limb, or property of another.

The police officer testified that Jones was driving on May 24, 1999. The evidence in the record proved that the Department determined Jones to be a habitual offender on February 16, 1996.

The trial judge had before him an exhibit showing that a judge of the Petersburg General District Court convicted Jones of a habitual offender misdemeanor for driving on June 11, 1997 on a suspended operator's license. Jones does not challenge that he was driving on a suspended operator's license on May 24, 1999. He also does not contend that he was unaware of his habitual offender status on May 24, 1999. Jones's sole argument on appeal is that the district court judge reopened and dismissed the misdemeanor conviction for driving on June 11, 1997 after having been adjudged a habitual offender and that, therefore, this conviction could not provide a basis to elevate the habitual offender driving offense from a misdemeanor to a felony. We disagree.

Jones argues that the trial judge could not ignore evidence that a judge of the district court reopened and dismissed Jones's misdemeanor conviction on July 18, 2000. The record, however, does not indicate the reason for the dismissal. Jones's attorney asserted in a memorandum in the circuit court that a judge of the Petersburg General District Court dismissed the conviction on the belief that Jones had not been declared a habitual offender until 1998, which was after a judge had convicted Jones of driving on a suspended operator's license after being declared a habitual offender. Except for this assertion the record is silent concerning the basis for the dismissal.

We note that the Petersburg General District Court did not have jurisdiction to reopen and dismiss the July 15, 1997 misdemeanor conviction more than three years after the conviction. Code § 16.1-133.1 provides, in pertinent part, that "[w]ithin sixty days from the date of conviction of any person in a general district court . . . for any offense not felonious, the case may be reopened upon the application of such person and for good cause." No evidence indicates Jones applied for a reopening of his case within the sixty days following his conviction in 1997, or appealed his conviction to the circuit court within ten days of the conviction as prescribed by Code § 16.1-132.

The Supreme Court has held that the general district court retains jurisdiction of a case during the sixty-day period following conviction even though an appeal has been noted to the circuit court, unless a *de novo* hearing on the merits has been heard. See Commonwealth v. Diaz, 266 Va. 260, 265, 585 S.E.2d 552, 555 (2003); Commonwealth v. Zamani, 256 Va. 391, 397, 507 S.E.2d 608, 610 (1998). However, no case in Virginia has held that the district court's jurisdiction extends beyond the sixty-day period to reopen a case.

In addition, Jones's argument, that the dismissal of the underlying misdemeanor conviction invalidates his felony conviction, ignores the language of Code § 46.2-357(B)(3) that a prior "offense," not conviction, is required before charging a person with driving after being declared a habitual offender, subsequent offense. The trial judge found from the Department's records that the Department determined in 1996 that Jones was a habitual offender. In Thomas v. Commonwealth, 256 Va. 38, 41-42, 501 S.E.2d 391, 393 (1998), the Supreme Court held that "the General Assembly's choice of the word 'offense' in [Code] § 46.2-357(B)(3), rather than the word 'conviction,' clearly demonstrates an intent to authorize punishment enhancement without a prior conviction." The evidence in this record proved that in 1997 Jones had committed the "offense" of driving after being declared a habitual offender. Jones offered no evidence to refute that he was driving on a suspended operator's license in 1997. Instead, he contends only that the district court erroneously convicted him of the wrong offense.

The evidence proved the Department sent Jones a letter informing him of the 1996 habitual offender adjudication. Thus, the evidence proved Jones was a habitual offender when he drove in the City of Petersburg in 1997. For these reasons, we hold that the evidence was sufficient to sustain Jones's conviction for feloniously operating a motor vehicle on May 24, 1999 after being declared a habitual offender. We, therefore, affirm the conviction.

Affirmed.

- 6 -