COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, AtLee and Malveaux
Argued at Richmond, Virginia

UNPUBLISHED

KATHY LORRAINE STAIGER

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 0652-15-2          JUDGE RICHARD Y. ATLEE, JR.
                                                  JANUARY 10, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
Leslie M. Osborn, Judge

Corinne J. Magee (The Magee Law Firm, PLLC, on brief), for
appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


The Circuit Court of Mecklenburg County convicted Kathy Lorraine Staiger of felony

driving under the influence, third offense within five years. On appeal, Staiger argues "the

Commonwealth had not proven two prior convictions of driving under the influence." We

disagree with Staiger, and affirm her conviction.

I. BACKGROUND

We view the evidence in the light most favorable to the Commonwealth. Commonwealth

v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). On April 16, 2014, Staiger left home

in her Mazda Miata to attend an Alcoholics Anonymous meeting. On her way, she drove her car

off the public highway and into a roadside embankment. Although she had a cell phone with

her, Staiger did not call anyone to report the accident. Instead, leaving her car with its "back end

. . . still sitting in the roadway," she returned to her house on foot. There, she got in another of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

her cars, a BMW, and set out again. This journey (on the same public highway) ended no better: she veered "off the roadway to the right, striking a mailbox and going into . . . a slight embankment." The two accidents happened within thirty minutes of each other, and the crash sites were only two miles apart.

At the scene of the second accident, to which the Virginia State Police responded first, Staiger admitted crashing both cars. Her eyes were dilated, her speech was slurred, and she was unsteady on her feet, "staggering back and forth." She failed four of the five field sobriety tests she performed. The troopers saw no signs that Staiger had been drinking alcohol; however, she said she had taken an antidepressant earlier. She was transported to a nearby hospital where a nurse drew her blood pursuant to Virginia's implied consent law. Because Staiger had a 2013 conviction for driving under the influence ("DUI"), the Commonwealth charged her with two additional DUIs for the two separate accidents that occurred on April 16, 2014. One charge was a DUI, second offense within five years (a misdemeanor); the other a DUI, third offense within five years (a felony). The indictment by which Staiger was charged with the felony DUI alleged that she did:

> unlawfully and feloniously drive or operate a motor vehicle while under the influence of alcohol or other self-administered intoxicant or drug, such offense being a third offense and having been committed within five years of an offense under Virginia Code § 18.2-266 or a substantially similar law or ordinance, in violation of §§ 18.2-266; 18.2-270 of the Code of Virginia (1950) as amended.

At trial, the Commonwealth introduced a certified copy of Staiger's 2013 DUI conviction. Additionally, the Commonwealth introduced a certificate of analysis prepared by the Virginia Department of Forensic Science. That certificate memorialized the analysis of Staiger's blood, drawn by the nurse on the night of the two accidents, and showed that the analyzed

sample contained "Lorazepam 0.065 mg/L."[1]  According to the testifying toxicologist,

Lorazepam is a benzodiazepine similar to "Xanax, Valium, [and] Klonopin."  As a "central

nervous system depressant," Lorazepam "will slow down or [a]ffect anything that you need your

central nervous system to do" and can cause "dizziness, drowsiness, disorientation, and slurred

speech."  Lorazepam can also impair balance, reaction times, fine motor skills, and

decision-making.

Staiger argued to the circuit court that the Commonwealth had "not proven two prior DUI

convictions."  The circuit court disagreed, and found her guilty of both DUI charges.[2]  The

circuit court ultimately sentenced Staiger to five years in the penitentiary on the felony DUI,

suspending all of that time except the six-month mandatory minimum.[3]  This appeal followed.

## II. ANALYSIS

Staiger's assignment of error requires us to interpret the Code, a task we undertake *de

novo*.  Commonwealth v. Herring, 288 Va. 59, 66, 758 S.E.2d 225, 229 (2014).  When a statute

uses unambiguous language, we accord that language its plain meaning, and "we must give

effect to the legislature's intention as expressed by the language used unless a literal

interpretation of the language would result in a manifest absurdity."  Bd. of Supervisors of James

City Cty. v. Windmill Meadows, LLC, 287 Va. 170, 179-80, 752 S.E.2d 837, 842 (2014)

(quoting Commonwealth v. Leone, 286 Va. 147, 150, 747 S.E.2d 809, 811 (2013)).  "[T]he

---

[1] A forensic toxicologist employed by the Virginia Department of Forensic Science testified that this meant the sample contained ".065 milligrams [of Lorazepam] per liter of blood."

[2] The circuit court also convicted Staiger of driving on a revoked license.  She did not appeal that conviction.

[3] On the DUI second offense, the circuit court sentenced Staiger to one year in jail with all of that time suspended except the twenty-day mandatory minimum.  Her petition for appeal contained several assignments of error related to this conviction, but these assignments of error were denied.

plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

This appeal turns on the meaning of Code § 18.2-270, which prescribes the punishment for violations of Virginia's DUI statute, Code § 18.2-266.[4] Code § 18.2-270(C)(1) states:

> Any person convicted of three offenses of [Code] § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be guilty of a Class 6 felony. The sentence of any person convicted of three offenses of [Code] § 18.2-266 committed within a 10-year period shall include a mandatory minimum sentence of 90 days, unless the three offenses were committed within a five-year period, in which case the sentence shall include a mandatory minimum sentence of confinement for six months. In addition, such person shall be fined a mandatory minimum fine of $1,000.

We find this language unambiguous, and thus give it its plain meaning. Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003). In giving a statute its plain meaning, we "may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006) (quoting Williams, 265 Va. at 271, 576 S.E.2d at 470).

---

[4] Code § 18.2-266 states, in relevant part, that

> [i]t shall be unlawful for any person to drive or operate any motor vehicle . . . (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle . . . safely . . . .

- 4 -

Referencing subsection E of Code § 18.2-270,[5] Staiger argues that "there must be a *conviction* on the [second] offense before the individual is charged with a third offense." The Supreme Court addressed a similar situation in <u>Williams</u>, the only difference being that the appellant in that case argued that "under the language of Code § 18.2-270, elevation of an offense to a felony and the resulting enhancement of punishment can occur only if a defendant has been convicted of two previous offenses under Code § 18.2-266 at the time the third offense is committed." <u>Williams</u>, 265 Va. at 270, 576 S.E.2d at 469-70. The Court went on to observe that the enhanced punishment

> is activated, in the language of the statute, by a defendant's conviction of a third or subsequent "offense committed within ten years." The General Assembly's use of the words "offense" and "committed" signals its clear intent to authorize enhanced punishment for a third DUI offense occurring within the prescribed time period even though the second DUI offense has not resulted in a conviction before the third offense is committed.

<u>Id.</u> at 271, 576 S.E.2d at 470. In explaining its reasoning, the Court quoted Code § 18.2-270 as it existed at the time. The General Assembly has since altered the wording of Code § 18.2-270 slightly, but the difference is not meaningful to our analysis. <u>See</u> Code § 18.2-270 (making the enhancement applicable to "[a]ny person convicted of three offenses of [Code] § 18.2-266

---

[5] Code § 18.2-270(E) states:

> For the purpose of determining the number of offenses committed by, and the punishment appropriate for, a person under this section, an adult conviction of any person, or finding of guilty in the case of a juvenile, under the following shall be considered a conviction of [Code] § 18.2-266: (i) the provisions of [Code] § 18.2-36.1 or the substantially similar laws of any other state or of the United States, (ii) the provisions of [Code] §§ 18.2-51.4, 18.2-266, former [Code] § 18.1-54 (formerly [Code] § 18-75), the ordinance of any county, city or town in this Commonwealth or the laws of any other state or of the United States substantially similar to the provisions of [Code] § 18.2-51.4, or [Code] § 18.2-266, or (iii) the provisions of subsection A of [Code] § 46.2-341.24 or the substantially similar laws of any other state or of the United States.

- 5 -

committed within a 10-year period"). In Thomas v. Commonwealth, 25 Va. App. 256, 260, 487 S.E.2d 289, 291 (1997), aff'd, 256 Va. 38, 501 S.E.2d 391 (1998), this Court analyzed another recidivist statute, Code § 46.2-357, the habitual offender statute, and observed that "[a] person of ordinary intelligence would understand that any second or subsequent driving in violation of [the statute] would make him eligible for the enhanced punishment provision, whether or not he had been convicted of the earlier offense before the occurrence of the second driving offense." See also Able v. Commonwealth, 16 Va. App. 542, 549, 431 S.E.2d 337, 341 (1993) (interpreting the recidivist portion of Code § 18.2-248, which criminalizes distribution of Schedule I or II controlled substances, noting that "[t]he statute does not require that, in order for the enhanced penalty provision to obtain, the defendant must have been convicted of a first offense before committing the second offense"). A "contrary interpretation . . . would permit an offender to violate the statute repeatedly without being subjected to a felony charge simply because he could not be tried and convicted in the brief time periods separating the several offenses." Williams, 265 Va. at 271, 576 S.E.2d at 470. Staiger attempts to distinguish her facts from those in Williams. She points out that the question in Williams was whether the Commonwealth could charge a third offense even though Williams had not been convicted of a second offense at the time the third offense was *committed*. In Staiger's case, she frames the question as whether the Commonwealth could charge her with a third offense even though she had not been convicted of a second offense at the time the third offense was *charged*. We find that distinction inconsequential.

Staiger appears to quibble with the idea that one can be convicted of both a DUI second offense and a DUI third offense in one proceeding. To the extent she attempts to make this point, her argument is barred both by her failure to object contemporaneously to that procedure at trial, as required by Rule 5A:18, and by her failure to assign error to that procedure in her

petition for appeal, as required by Rule 5A:12(c)(1). Furthermore, nothing prevents the simultaneous trial of a second DUI and a third DUI. In <u>Ansell v. Commonwealth</u>, 219 Va. 759, 250 S.E.2d 760 (1979), Ansell pled guilty to three counts of using a firearm in the commission of felony, in violation of Code § 18.2-53.1. Ansell had committed all three crimes "within a period of 45 minutes," and pled guilty to all three at one hearing. <u>Id.</u> at 759, 250 S.E.2d at 761. The Supreme Court affirmed the trial court's decision to punish one of the offenses as a first offense, and the other two as second or subsequent offenses, under the recidivism provision of Code § 18.2-53.1. <u>See also</u> <u>Mason v. Commonwealth</u>, 16 Va. App. 260, 262-63, 430 S.E.2d 543, 544 (1993) (reviewing the recidivism portions of Code § 18.2-248(C), noting "an enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution"). Because precedent from this Court and the Supreme Court permits the manner by which the circuit court convicted Staiger, we affirm her conviction.

## III. CONCLUSION

For the reasons stated above, we find the circuit court did not err in finding Staiger guilty of felony DUI, third offense within five years.

<u>Affirmed.</u>